UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY D. HARRIS, JR.,

        Plaintiff,

    v.                                       Case No. 25-cv-1697-bhl

ALYSSA HASELEU,
CHAD CARTIER, and
HAILEY BASSINER,

        Defendants.

## SCREENING ORDER

    Plaintiff Larry Harris, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Harris's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Harris has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Harris has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $34.09. Harris's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Harris explains that he has severe asthma and that in February 2016, when he first arrived at Waupun, he was prescribed an albuterol inhaler to treat his symptoms. Typically, when Harris requires a refill, he submits a form to the health services unit, and he gets a new inhaler the next day. Harris contends that he submitted a refill request on June 30, 2025 in which he stated that he needed an early refill because he had been experiencing flu-like symptoms and because he had been using the inhaler more than normal due to the heat and humidity. The next day, on July 1, 2025, Defendant Nurse Hailey Bassiner responded, "Requested too soon: sent 6/16." That same day, Nurse Alyssa Haseleu also responded, stating, "Do not overuse your inhaler, follow the order as it is a #1 month supply . . . . Cannot refill until after 7/6." Dkt. No. 1 at 3.

Harris submitted another health services request that same day, explaining that his inhaler was out of puffs, and he needed it. He stated that he had been wheezing and having shortness of breath due to the heat. Two days later, on July 3, 2025, Bassiner responded that Harris would be

2

seen by nursing. That afternoon, Nurse Chad Cartier came to Harris's cell. Harris asserts that he informed Cartier that his inhaler was out of puffs and that he had been having trouble breathing, tightness in his chest, wheezing, and shortness of breath. Cartier instructed Harris on breathing relaxation techniques and told him that he would see if an inhaler could be issued that day. According to Harris, Cartier did not assess his respiratory function, nor did he give Harris an inhaler. Dkt. No. 1 at 3-4.

Harris asserts that from June 30 through July 6, 2025, he felt like an elephant was sitting on his chest and that he was being suffocated. He states that he was afraid to go to sleep and that he had serious breathing problems, wheezing, pain, and significant distress. According to Harris, he had an asthma attack on July 7, 2025, necessitating a nebulizer treatment. Harris believes all of that could have been avoided if he had received his inhaler to help relieve his asthma symptoms. Dkt. No. 1 at 4-5.

### THE COURT'S ANALYSIS

Harris asserts that Defendants were deliberately indifferent to his severe asthma when they failed to assess and address his need for an early refill of his inhaler. A delay in responding to an inmate's serious medical condition can reflect deliberate indifference. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). As the Seventh Circuit has noted, "That is especially so if that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citing *Williams v. Liefer*, 491 F.3d 710, 715-16 (7th Cir. 2007)). With the foregoing in mind, Harris may proceed on a deliberate indifference claim against Nurses Haseleu, Cartier, and Bassiner based on allegations that they failed to consider his request for an early refill, despite Harris explaining why he ran out of puffs early and that he was experiencing serious respiratory symptoms.

Harris may also proceed on a claim that Defendants conspired to deny him adequate medical care. According to Harris, Haseleu stated that Harris could not receive an early refill until he was seen by a nurse. Cartier then arrived at his cell later that day. Harris asserts that, despite interacting with him at his cell front, Cartier never documented the encounter. Harris asserts that the only reason Cartier did not document the encounter was because he was conspiring with Haseleu and Bassiner to delay having to provide Harris with an inhaler. *See* Dkt. No. 1 at 4. A conspiracy claim "requires both (1) an underlying constitutional violation and (2) an agreement among the defendants to inflict the unconstitutional harm." *Green v. Howser*, 942 F.3d 772, 778

3

(7th Cir. 2019). Construing Harris's allegations broadly (as the Court must at this stage), the Court concludes that Harris alleges just enough to state a claim that Defendants conspired to prevent him from receiving an early refill of his inhaler. To prevail on this claim, Harris will have to provide evidence showing who agreed to violate his rights, the general purpose of their agreement, and the approximate date of their agreement. *See Dobbey v. Jeffreys*, 417 F. Supp. 3d 1103, 1110 (N.D. Ill. 2019).

**IT IS THEREFORE ORDERED** that Harris's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Harris's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Alyssa Haseleu, Chad Cartier, and Hailey Bassiner.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Alyssa Haseleu, Chad Cartier, and Hailey Bassiner shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Harris is located.

**IT IS FURTHER ORDERED** that the agency having custody of Harris shall collect from his institution trust account the $315.91 balance of the filing fee by collecting monthly payments from Harris's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Harris is transferred to another institution, the transferring institution shall forward a copy of this Order along with Harris's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Harris is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on December 15, 2025.

s/ <em>Brett H. Ludwig</em><br>
BRETT H. LUDWIG<br>
United States District Judge